**Electronically Filed**
**Intermediate Court of Appeals**
**29381**
**09-JUN-2011**
**08:12 AM**

NO. 29381

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

ATLANTIC CREDIT & FINANCE INC., Plaintiff-Appellee,
v.
EDWARD N. MAHAULU, aka EDWARD MAHAULU, Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
NORTH AND SOUTH HILO DIVISION
(CIVIL NO. 3RC07-1-092)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Reifurth and Ginoza, JJ.)

In an appeal from a civil lawsuit arising out of allegations of breach of a credit card agreement, Defendant-Appellant Edward N. Mahaulu, *pro se,* (Mahaulu) appeals from the September 3, 2008 "Order Denying Defendant's Motion To Vacate A Void Judgment Filed November 16, 2007" (Order Denying Motion To Vacate Judgment) issued by the District Court of the Third Circuit, North and South Hilo Division (district court).[1]

Mahaulu articulates several points of error in his opening brief, but none of the points he raises address the Order Denying Motion To Vacate Judgment. Rather, Mahaulu's points of error on appeal are focused only on the district court's previous orders that: granted a reconsideration motion and a summary

---

[1] The Honorable Harry P. N. Freitas presided.

judgment motion in favor of Plaintiff-Appellee Atlantic Credit & Finance, Inc. (Atlantic Credit); and granted in part Mahaulu's motion to alter or amend judgment.

Mahaulu asserts that the district court committed plain error by relying on documents submitted through the declaration of Heather Clary, Atlantic Credit's Assistant Director, that allegedly did not meet the requirements of Rule 56(e) of the District Court Rules of Civil Procedure (DCRCP). Mahaulu argues that, due to this alleged error, the district court lost subject matter jurisdiction and the case should have been immediately dismissed. Mahaulu further argues that the district court committed plain error by not requiring Atlantic Credit to prove that it was the actual "holder in due course" of the alleged note and to prove damages.

Upon careful review of the record and the briefs submitted by the parties, having given due consideration to the arguments advanced by the parties and the relevant statutory and case law, we resolve Mahaulu's points of error as follows.

We first address the threshold matter of this court's jurisdiction. Mahaulu failed to timely appeal from either the district court's October 31, 2007 summary judgment order or the November 7, 2007 judgment in favor of Atlantic Credit. In order for Mahaulu to have preserved appellate review of the October 31, 2007 summary judgment order and the November 7, 2007 judgment, he would have had to file a notice of appeal no later than December 19, 2007. See Hawaiʻi Rules of Appellate Procedure (HRAP) Rule 4(a)(3) (2006).[2] December 19, 2007 was thirty days after entry of the November 19, 2007 order disposing of Mahaulu's

_____

    [2] HRAP Rule 4(a)(3) extends the appeal period when a party files certain timely motions, including a motion to alter or amend a judgment. Mahaulu timely filed a motion to alter or amend judgment on November 8, 2007, and therefore, "the time for filing the notice of appeal [was] extended until 30 days after entry of an order disposing of the motion[.]" HRAP Rule 4(a)(3).

motion to alter or amend the judgment.[3]  The first notice of appeal filed by Mahaulu was on January 14, 2008 (which referenced that he was appealing from the district court's denial of his Motion to Vacate a Void Judgment).  Therefore, although Mahaulu made belated attempts to assert that he was appealing from all of the decisions by the district court, he never timely appealed from the October 31, 2007 summary judgment order or the November 7, 2007 judgment.  Bacon v. Karlin, 68 Haw. 648, 650, 727 P.2d 1127, 1129 (1986) ("an appellant's failure to file a timely notice of appeal is a jurisdictional defect that can neither be waived by the parties nor disregarded by the court in the exercise of judicial discretion") (internal quotation marks and brackets omitted).

We therefore address Mahaulu's points on appeal only to the extent that they implicate the district court's subject matter jurisdiction in this case.  See Lingle v. Hawai'i Gov't Employees Ass'n, AFSCME, Local 152, 107 Hawai'i 178, 182, 111 P.3d 587, 591 (2005) ("Questions regarding subject matter jurisdiction may be raised at any stage of a cause of action. When reviewing a case where the circuit court lacked subject matter jurisdiction, the appellate court retains jurisdiction, not on the merits, but for the purpose of correcting the error in jurisdiction.").

Our review of the record confirms that the district court properly exercised jurisdiction in adjudicating the claims in this case.  Mahaulu is incorrect in his assertion that the district court would lose jurisdiction by allegedly failing

---

[3]  Although the district court also issued a "corrected" order on December 5, 2007 regarding Mahaulu's motion to alter or amend judgment, the corrected order made non-substantive amendments and therefore did not extend the appeal period.  See Poe v. Hawaii Labor Relations Bd., 98 Hawai'i 416, 418, 49 P.3d 382, 384 (2002).  Moreover, even if December 5, 2007 was the triggering date for the appeal period, Mahaulu still did not appeal within thirty days of that date.

to ensure that documents referred to in the declaration of Heather Clary met the requirements of DCRCP Rule 56(e). We also find no merit in any other issue raised by Mahaulu questioning the district court's jurisdiction.

Therefore, IT IS HEREBY ORDERED that the district court's September 3, 2008 Order Denying Motion To Vacate Judgment is affirmed.

DATED: Honolulu, Hawai'i, June 9, 2011.

On the briefs:

Edward N. Mahaulu
for Defendant-Appellant pro se

Marvin S.C. Dang
Jason M. Oliver
(Law Offices of
  Marvin S.C. Dang, LLLC)
for Plaintiff-Appellee

Chief Judge

Associate Judge

Associate Judge

4